# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03756-NYW-CYC

AIRCOMM OF AVON, LLC,
ATLANTIC COAST COMMUNICATIONS LLC,
CCATT LLC,
CCTMO LLC,
CCTM1 LLC,
CCTM2 LLC,
COVERAGE PLUS ANTENNA SYSTEMS LLC,
CROWN ATLANTIC COMPANY LLC,
CROWN CASTLE FIBER LLC,
CROWN CASTLE GT COMPANY LLC,
CROWN CASTLE MU LLC,
CROWN CASTLE SOUTH LLC,
CROWN CASTLE TOWERS 05 LLC,
CROWN CASTLE TOWERS 06-2 LLC,
CROWN CASTLE TOWERS 09 LLC,
CROWN CASTLE USA INC.,
CROWN COMMUNICATION LLC,
GLOBAL SIGNAL ACQUISITIONS LLC,
GLOBAL SIGNAL ACQUISITIONS II LLC,
GLOBAL SIGNAL ACQUISITIONS III LLC,
GLOBAL SIGNAL ACQUISITIONS IV LLC,
GOLDENSTATE TOWERS, LLC,
HIGH POINT MANAGEMENT CO. LLC,
ICB TOWERS, LLC,
INTERSTATE TOWER COMMUNICATIONS LLC,
INTRACOASTAL CITY TOWERS LLC,
PINNACLE TOWERS ACQUISITION LLC,
PINNACLE TOWERS ASSET HOLDING LLC,
PINNACLE TOWERS LLC,
PINNACLE TOWERS III LLC,
RADIO STATION WGLD LLC,
SHAFFER & ASSOCIATES, INC.,
SIERRA TOWERS, INC.,
TOWER DEVELOPMENT CORPORATION,
TOWER SYSTEMS LLC,
TOWER TECHNOLOGY COMPANY OF JACKSONVILLE LLC,
TOWER VENTURES III, LLC,
WCP WIRELESS LEASE SUBSIDIARY, LLC, and
TVHT, LLC,

    Plaintiffs,

v.

DISH WIRELESS L.L.C.,
DISH PURCHASING CORPORATION, and
ECHOSTAR CORPORATION,

     Defendants.

## PLAINTIFFS' UNOPPOSED MOTION TO RESTRICT

Pursuant to Rule 7.2(c) of the Local Rules for the United States District Court for the District of Colorado, the above-captioned Plaintiffs (collectively, "Crown Castle") with the consent of DISH Wireless L.L.C. ("DISH"), DISH Purchasing Corporation ("DISH Purchasing"), and EchoStar Corporation ("EchoStar") (collectively, "Defendants") hereby move to restrict public access to confidential and commercially sensitive information related to the contracts executed between the parties (the Master Lease Agreement ("MLA"), Master Purchase Agreement ("MPA"), and Deployment Services Agreement ("DSA," and together with the MLA and MPA, the "Agreements")), as described in Crown Castle's Amended Complaint and its accompanying exhibits.  ECF Nos. 39, 40.

This unopposed motion should be granted for the same reasons that the Court granted Crown Castle's motion to restrict its initial Complaint and exhibits, as well as DISH's Answer thereto.  *See* ECF Nos. 19, 44.  Public disclosure of the confidential and commercially sensitive information regarding the Agreements would cause significant and irreparable harm to the parties and their respective competitive standing.  Crown Castle respectfully requests that the Court enter the accompanying proposed order and restrict the relevant portions of the Amended Complaint and its exhibits.

1

**CERTIFICATE OF CONFERRAL**

In accordance with Local Rule 7.2(c), counsel for Crown Castle has conferred with counsel for DISH, DISH Purchasing, and EchoStar regarding this Motion, and Defendants consent to the relief sought herein.

**LEGAL STANDARD**

Courts have discretion to restrict access to court filings when the "public's right of access is outweighed by interests which favor nondisclosure." *Cahey* v. *Int'l Bus. Machs. Corp.*, 2021 WL 5051953, at *1 (D. Colo. Apr. 2, 2021) (Wang, M.J.); *see also Genscape, Inc.* v. *Live Power Intel. Co. NA, LLC*, 2019 WL 4242669, at *3 (D. Colo. Sept. 5, 2019). While there is a presumption against restricting access, this presumption "may be overcome if the party seeking to restrict access to records articulates a real and substantial interest that justifies depriving the public of access to the records that inform the court's decision-making process." *Cahey*, 2021 WL 5051953, at *1 (internal quotation marks omitted); *EEOC* v. *A&A Appliance, Inc.*, 2025 WL 744608, at *1 (D. Colo. Mar. 7, 2025) (Chung, M.J.). Such an interest includes when the records contain "business information that might harm a litigant's competitive standing." *Cahey*, 2021 WL 5051953, at *1; *Rodriguez* v. *City of Brighton*, 2022 WL 20538803, at *1 (D. Colo. Apr. 25, 2022) (Wang, M.J.); *Genscape*, 2019 WL 4242669, at *3; *see also Teets* v. *Great W. Life & Annuity Ins. Co.*, 2016 WL 1586418, at *2-3 (D. Colo. Apr. 20, 2016) (Wang, M.J.); *Crocs, Inc.* v. *Joybees, Inc.*, 2023 WL 11804219, at *3 (D. Colo. Dec. 8, 2023).

Local Rule 7.2(c) provides the procedure for filing a document under restriction. Pursuant to Local Rule 7.2(c), a party seeking to restrict access must: (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is

2

practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought. *See TRUSTID, Inc.* v. *Next Caller Inc.*, 2021 WL 5384499, at *5 (D. Colo. Nov. 18, 2021).

## BACKGROUND

On November 20, 2025, Crown Castle filed its initial Complaint. When it did so, it publicly filed redacted versions of the initial Complaint and its associated exhibits, ECF No. 1, as well as unredacted versions under Level 1 restricted access, ECF No. 3. On December 4, 2025, Crown Castle filed a Motion for Leave to Restrict requesting that the Court restrict public access to information concerning the terms of the MLA and MPA in the initial Complaint and its exhibits. ECF No. 17. On December 11, 2025, the Court granted the motion, allowed the redacted versions of the initial Complaint and associated exhibits to remain redacted on the public docket, and permitted the unredacted versions to remain under Level 1 restriction.[1] ECF No. 19.

DISH filed its Answer to the initial Complaint on January 9, 2026 under Level 1 restricted access, and filed an unopposed Motion to Restrict its Answer on January 23, 2026. ECF Nos. 29, 35. The Court granted DISH's motion on February 2, 2026, and permitted DISH to file a redacted version of its Answer—which redacted commercially sensitive information regarding the MLA and MPA—on the public docket. ECF No. 44.

On January 30, 2026, Crown Castle filed its Amended Complaint. ECF Nos. 39, 40. Among other claims, the Amended Complaint added claims for breaches of contract by DISH Wireless of the MLA and MPA, and by DISH Purchasing of the DSA. *See id.* Like the MLA and MPA, the parties incorporated a strict confidentiality provision into the DSA. *See* DSA, § 8. The

---

[1] The Court denied the portion of the motion that requested prospective permission to restrict the portions of future filings containing information related to the MLA and MPA. *See* ECF No. 19.

Amended Complaint also attached as exhibits breach and termination notices issued by Crown Castle pursuant to the three Agreements (the "Notices") which contain confidential and commercially sensitive information, including but not limited to discussion of the terms of the Agreements, as well as invoices containing pricing and payment information, and schedules with information regarding the locations where DISH and DISH Purchasing leased space and received services from Crown Castle. *See* ECF Nos. 40-10–40-15. As it did with its initial Complaint, Crown Castle filed a redacted version of the Amended Complaint on the public docket (with a set of public exhibits), as well as an unredacted version of the Amended Complaint and its exhibits under Level 1 restriction. ECF Nos. 39, 40. Crown Castle also filed, pursuant to Local Rule 15.1, a Notice of Plaintiffs' First Amended Complaint, which appended as exhibits a redacted and an unredacted version of a redline comparing the Amended Complaint to the initial Complaint.[2] ECF No. 38.

## ARGUMENT

Consistent with the treatment of Crown Castle's initial Complaint and DISH's Answer, restriction of portions of the Amended Complaint and its exhibits is warranted because (i) access to information concerning the negotiation and terms of the MLA, MPA, DSA would damage the parties' competitive standing; (ii) the public interest in access is outweighed by the parties' interest in avoiding harm to their competitive standing; and (iii) Crown Castle has proposed tailored and limited redactions to the Amended Complaint and accompanying exhibits to restrict as little information as possible, and therefore, no lesser restriction of such information is practicable.

---

[2]   Due to filing restrictions on the ECF system, Crown Castle filed its Notice of Amendment and its exhibits fully under Level 1 Restriction. However, Crown Castle only seeks in this Motion to keep the unredacted version of the redline (ECF No. 38-2), under Level 1 restriction.

4

**I.   DISCLOSURE OF THE TERMS OF THE AGREEMENTS AND THE INFORMATION IN THE NOTICES WOULD HARM THE PARTIES' COMPETITIVE STANDING.**

The MLA, MPA, and DSA—valuable, long-term contracts between Crown Castle and DISH and DISH Purchasing—each contain highly sensitive, non-public information relating to the parties' respective business strategies and operations.  For example, the MLA contains, among others, provisions governing pricing and payment for DISH's lease of space on Crown Castle's cell towers, (MLA § 11.3, Ex. C); the sizing and dimensions of the space that DISH leased on Crown Castle's tower sites, (MLA, Ex. A § 1.1); and the terms and conditions related to access to and installation of equipment on the tower sites, (MLA §§ 7.1, 16.2, Ex. E).  The MPA likewise contains similarly sensitive provisions, including the payment terms and technical specifications related to fiber and data center services governed under that Agreement.  *See* MPA § 3, Exs. B and D; Schedule A.  The DSA contains provisions with sensitive information surroundin services provided by Crown Castle to DISH and the pricing and payment terms for these services. DSA §§ 2, 4.  The MLA, MPA, and DSA thus all contain confidential business information and numerous terms that are unique to these Agreements.  *Cf. Bell* v. *Sorin CRM USA, Inc.*, 2018 WL 11182714, at *2 (D. Colo. Mar. 2, 2018).

The Amended Complaint quotes and discusses the heavily negotiated and highly sensitive terms of each of these Agreements, and appends as exhibits Notices sent under the Agreements that do the same.[3]  The Notices further contain other confidential information—including invoices and pricing terms, and locations where DISH leases tower space and receives services from Crown Castle—that are commercially sensitive.  *See* ECF Nos. 40-10–40-15.

---

[3]   *See* ECF Nos. 39 & 40, ¶¶ 4, 6, 52, 63, 65–76, 113–116, 119, 126–127, 130, 136–137, 140, 146, 149–151, 154, 157–158, 161, 164–165, and 169–170; *see also* ECF Nos. 40-10–40-15.

The parties would be significantly disadvantaged by the disclosure of this information. If made public, Crown Castle's competitors would be able to review these materials and obtain valuable insight into Crown Castle's negotiation approach and business terms with its tenants and other customers. Since Crown Castle lacks similar information about its competitors, Crown Castle's competitors would gain an advantage and significant leverage over Crown Castle. Specifically, Crown Castle's competitors could seek to copy or undercut Crown Castle's business model and would be able to approach negotiations against Crown Castle with a thorough knowledge of Crown Castle's strategy and tactics. Similarly, Crown Castle's prospective and existing tenants and customers would gain an unfair advantage by acquiring a detailed understanding of Crown Castle's relationship with its other tenants and customers. *See Zahourek Sys., Inc.* v. *Balanced Body, LLC*, 2015 WL 12967821, at *1 (D. Colo. July 23, 2015) (Level 1 Restriction appropriate because information, "if disclosed, would give others an unfair advantage in the business market"). DISH and DISH Purchasing would suffer harm for similar reasons.

The MLA, MPA, and DSA thus all "contain proprietary business information" that "is not available to the public and which would give [Crown Castle's, DISH's, and DISH Purchasing's] competitors an unfair advantage should the information be disseminated." *See Brill* v. *Correct Care Sols.,* LLC, 2018 WL 11183604, at *2 (D. Colo. Mar. 5, 2018) (Wang, M.J.). Indeed, recognizing the commercial sensitivity of the Agreements and the potential competitive harm that may result from their public disclosure, this Court has already granted substantially similar motions to restrict with respect to the initial Complaint and DISH's Answer in this action.[4] ECF Nos. 19, 44.

---

[4] Another court in this District recently sealed a different lease agreement between DISH and another of its cell tower partners. *Am. Towers LLC* v. *DISH Wireless L.L.C.*, No. 1:25-cv-03311-SKC, ECF No. 12 (D. Colo. Nov. 12, 2025).

Importantly, the parties recognized when the Agreements were signed the potential for severe harm if the underlying terms of the Agreements were disclosed. As a result, they incorporated strict confidentiality provisions into the Agreements, preventing either party from disclosing any terms of the contracts, including pricing. This motion is consistent with the terms of these provisions, and further weighs in favor of restriction. *See Ubel* v. *Progressive Direct Ins. Co.*, 2020 WL 9432906, at *2 (D. Colo. Sept. 10, 2020).

## II. THE PARTIES' INTEREST IN PREVENTING COMPETITIVE HARM OUTWEIGHS THE PRESUMPTION OF PUBLIC ACCESS.

The harm stemming from the public disclosure of the confidential, competitively sensitive business terms in the MLA, MPA, and DSA (as well as in the Notices issued pursuant to those Agreements)—a loss of competitive standing for each of the parties—is the type of harm that Colorado courts have repeatedly found outweighs the presumption of public access. *E.g.*, *All Plastic, Inc.* v. *SamDan LLC*, 2021 WL 5068874, at *2 (D. Colo. Sept. 9, 2021) (Wang, M.J.) (restricting exhibit that "reflect[s] confidential business information exchanged between" defendants and a third-party); *Health Grades, Inc.* v. *MDx Med., Inc.*, 2013 WL 12246945, at *2 (D. Colo. May 17, 2013) (restricting "Master Business Agreement" between insurance company and medical software company because it contained "confidential and proprietary information" whose disclosure would harm the party's "competitive position"); *Stender* v. *Archstone-Smith Operating Tr.*, 2013 WL 2947931, at *2 (D. Colo. June 14, 2013) (permitting restriction where "proprietary confidential business information permeates throughout" a document); *see also Zahourek*, 2015 WL 12967821, at *1; *Toren-Edmiston* v. *Wells Fargo & Co.*, 2020 WL 13932683, at *9 (D. Colo. Feb. 6, 2020); *Rickaby* v. *Hartford Life & Accident Ins. Co.*, 2016 WL 1597589, at *5 (D. Colo. Apr. 21, 2016).

**III.     THERE ARE NO PRACTICABLE ALTERNATIVES TO RESTRICTION.**

Crown Castle has taken the least restrictive means practicable to restricting the Amended Complaint and its exhibits while promoting public access to court records in this action. Crown Castle filed a public version of the Amended Complaint and each of its exhibits (except the Agreements and Notices themselves), which contain minimal, narrowly tailored redactions to protect against the public disclosure the competitively sensitive information. *See* ECF No. 39. Crown Castle simultaneously filed unredacted versions of the Amended Complaint and its exhibits under Level 1 Restriction. *See* ECF No. 40. The majority of the content in the Amended Complaint and its exhibits is available to the public.

This approach has been accepted by numerous other courts in this District when evaluating restriction requests. *E.g.*, *L-3 Commc'ns Corp*. v. *Jaxon Eng'g & Maint., Inc.*, 2013 WL 5437775, at *8–9 (D. Colo. Sept. 27, 2013) (commending parties on not "succumb[ing] to the temptation to seek restricted access to the whole of the motion and its exhibits" and instead "facilitat[ing] the public interest significantly" by "ensuring that such redactions are applied sparingly"); *Mathews* v. *Denver Newspaper Agency, LLP*, 2011 WL 13213930, at *1 (D. Colo. Oct. 24, 2011) ("Moreover, to protect the public interest, Plaintiff has filed a redacted public version of his brief, as well as redacted versions of the sealed exhibits. This reasonably balances Plaintiff and Defendant's employees' legitimate privacy interests with the public interest in open judicial proceedings."); *see also Tracy* v. *Suncor Energy (U.S.A) Inc.*, 2021 WL 5140300, at *3 (D. Colo. Nov. 4, 2021) ("Defendant could have filed a restricted, unredacted copy of its [motion] as well as an unrestricted version which redacts the limited paragraphs which Defendant seeks to protect, which would provide more transparency and public access to the [motion] than what Defendant currently proposes."); *Meeker* v. *Life Care Ctrs. of Am., Inc.*, 2015 WL 1880205, at *3 (D. Colo.

8

Apr. 23, 2015) (Wang, M.J.) (instructing parties to prepare redacted versions of documents filed under seal for the public docket).

## CONCLUSION

For the foregoing reasons, Crown Castle respectfully requests that the Court grant this Motion, which is made on consent of the parties.[5] In the event that the Court denies this Motion in whole or in part, Crown Castle respectfully requests that the Court permit it the opportunity to file a new version of the Amended Complaint, which removes, to the extent possible, information Crown Castle seeks to not disclose publicly.

Dated: February 13, 2026

Respectfully submitted,

By: /s/ Laura A. Menninger
Laura A. Menninger
HADDON MORGAN FOREMAN
945 N. Pennsylvania Street
Denver, CO 80203
Tel: (303) 831-7364
E-mail: lmenninger@hmflaw.com

Jay Cohen
Jeffrey J. Recher
PAUL, WEISS, RIFKIND, WHARTON &

---

[5] As set forth in the corresponding proposed order, Crown Castle respectfully requests that the Court: (i) restrict under Level 1 status the unredacted redline of the Amended Complaint attached to the Notice of Plaintiffs' First Amended Complaint (ECF No. 38-2); (ii) restrict under Level 1 status the unredacted Amended Complaint (ECF No. 40); (iii) restrict under Level 1 status the exhibits to the Amended Complaint that were also appended to the initial Complaint, which is the same manner already approved by the Court (ECF Nos. 40-1–40-8); and (iv) restrict under Level 1 status the new exhibits appended to the Amended Complaint, which comprise of the DSA and the Notices (ECF Nos. 40-9–40-15). In addition, Crown Castle requests that the redacted and slipsheeted versions of these documents be permitted to remain in the form that they were filed (ECF Nos. 38-1, 39, 39-1–39-15).

9

GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3000
Fax: (212) 757-3990
E-mail: jaycohen@paulweiss.com
       jrecher@paulweiss.com

*Counsel for Plaintiffs Aircomm of Avon, LLC; Atlantic Coast Communications LLC; CCATT LLC; CCTMO LLC; CCTM1 LLC; CCTM2 LLC; Coverage Plus Antenna Systems LLC; Crown Atlantic Company LLC; Crown Castle Fiber LLC; Crown Castle GT Company LLC; Crown Castle MU LLC; Crown Castle South LLC; Crown Castle Towers 05 LLC; Crown Castle Towers 06-2 LLC; Crown Castle Towers 09 LLC; Crown Castle USA Inc.; Crown Communication LLC; Global Signal Acquisitions LLC; Global Signal Acquisitions II LLC; Global Signal Acquisitions III LLC; Global Signal Acquisitions IV LLC; GoldenState Towers, LLC; High Point Management Co. LLC; ICB Towers, LLC; Interstate Tower Communications LLC; IntraCoastal City Towers LLC; Pinnacle Towers Acquisition LLC; Pinnacle Towers Asset Holding LLC; Pinnacle Towers LLC; Pinnacle Towers III LLC; Radio Station WGLD LLC; Shaffer & Associates, Inc.; Sierra Towers, Inc.; Tower Development Corporation; Tower Systems LLC; Tower Technology Company of Jacksonville LLC; Tower Ventures III, LLC; WCP Wireless Lease Subsidiary, LLC; and TVHT, LLC.*

10

## ARTIFICIAL INTELLIGENCE CERTIFICATION

Pursuant to the Court's Standing Order Regarding the Use of Generative Artificial Intelligence in Court Filings, the undersigned counsel certifies that generative artificial intelligence was not used to draft this filing.

Respectfully submitted,

*/s/ Laura A. Menninger*
Laura A. Menninger
HADDON MORGAN FOREMAN
945 N. Pennsylvania Street
Denver, CO 80203
Tel: (303) 831-7364
E-mail: lmenninger@hmflaw.com

Jay Cohen
Jeffrey J. Recher
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3000
Fax: (212) 757-3990
E-mail: jaycohen@paulweiss.com
         jrecher@paulweiss.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2025, a true and correct copy of the foregoing document was e-filed and served through the CM/ECF system which will service notice on all counsel of record in this case.

*/s/ Laura A. Menninger*
Laura A. Menninger
